THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* EDWIN RIVERA RÍOS, Defendant and Appellant.

No. 11745. Argued February 12, 1947.—Decided May 2, 1947.

276

*Buenaventura Esteves* for appellant. *Luis Negrón Fernández, Acting Attorney General,* and *Joaquín Correa Suárez, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice De Jesús delivered the opinion of the Court.

Appellant was sentenced to one month in jail for the crime of burglary in the second degree. The crime consisted in that on September 7, 1945, at about 5:00 p.m., in San Sebastián, P. R., appellant, willfully and maliciously, with the intent to commit larceny or robbery, broke into a building devoted to school lunchroom, from which he took three cans of oleomargarine, belonging to said lunchroom, worth $2.00 each.

The record reveals that the school lunchroom was closed by the matron at about 3:00 p.m. on September 7, 1945, and next morning, it was found open. An inspection of the stock showed that three cans of oleomargarine that the matron had marked with a cross were missing. Three or four days later Eduardo López, a local merchant, delivered to the chief of police one of said cans already empty, stating that in the afternoon of September 7 he had purchased it from defendant full of oleomargarine for 85¢. Genaro Quiñones also delivered another can to the police stating that late in the afternoon of September 7 he had purchased it from defendant for one dollar. The third one was sold by the defendant to Antonio González, on September 8, at about 3:00 p.m. The three cans were identified by the matron of the school lunchroom, finding in each one the mark which she had placed on them. The defendant was taken to police headquarters and at first he denied participation in the case but when the cans were shown to him he admitted having stolen them. Upon being taken to the municipal judge, he testified that at about five o'clock in the afternoon of September 7, he opened a

window by means of a wire and broke into the building, taking the three cans of oleomargarine, one of which he sold to Genaro Quiñones and the other two to Antonio González.

Genaro Quiñones, a witness for the government, on his direct examination testified over defendant's objection that when the can of oleomargarine was offered to him for sale he asked the defendant where it came from, and that he answered: "We received it from Aguadilla from a relative of ours in Aguadilla."

■ Appellant urges that the court *a quo* committed prejudicial error in admitting such a statement, because it was not voluntarily made by defendant; that although this statement does not incriminate the defendant, it was made in answer to a question propounded by witness Quiñones and therefore that it was not voluntarily made.

This assignment of error lacks merit. As stated by the defense, this statement does not incriminate the defendant. It is an exculpatory statement and not a confession. The law does not require that it should be proved that exculpatory statements have been voluntarily made.

■■ Appellant maintains that a portion of the testimony of policeman José Pagán, relating to the confession made by defendant at headquarters, was inadmissible because the *corpus delicti* had not been established. Precisely the first witness presented by the district attorney was the matron Ana Mercado, who, as we have seen, testified that about three o'clock in the afternoon she had closed the school lunchroom after making sure that everything was in order and that next day she found the place open, that three cans of oleomargarine were missing, and she identified those shown to her at headquarters as the ones missing. This testimony fully established the *corpus delicti*. The district attorney was not bound to prove by direct evidence that someone had broken into the premises. He clearly established by circumstantial evidence that a criminal agent had broken into the

premises and stolen the oleomargarine, for the cans could not be missing if someone did not take them. Furthermore, the testimony of the three witnesses to whom defendant sold the oleomargarine, in addition to defendant's confession, first at the police headquarters and later before the municipal judge, established that defendant was the criminal agent.

■ Lastly, appellant contends that his confession at the police headquarters was procured by force; that they slapped his face and struck his back with a whip and that because of the injuries received he was confined in bed for nine days.

The torture which defendant alleges to have suffered was emphatically denied by policeman Pagán and by the chief of police. Besides, upon being examined by the district attorney, the defendant testified that, although he was confined in bed for nine days, he did not call a doctor, if not to assist him at least to secure evidence to prove the injuries he had received.

Appellant also alleges that his testimony before the municipal judge was obtained through fear because while he testified, the chief of police was standing behind him and touching his back with a whip, thus preventing him from testifying voluntarily lest they should take him again to headquarters to torture him.

In this connection, it seems pertinent to state that it was conclusively proved that while defendant testified before the municipal judge, policeman Pagán was present as well as the clerk of the municipal court and defendant's own father, who was standing in front of the court's door which was kept half open and from which he could see what was going on while his son was testifying. None of the witnesses testified that he noticed any such conduct on the part of the chief of police. On the contrary, this contention was denied by the policeman and the district judge gave no credence to the defendant.

Finally, the judge is charged with passion, prejudice, and partiality. Far from showing such passion, prejudice, or partiality, the record merely reveals that the judge was too lenient with the defendant in imposing a sentence of one month in jail for this crime.[1]

The judgment is affirmed.

---

[1] We ascribe this leniency to the fact that the defendant was a boy 16 or 17 years old when he committed the offense and at that time was an eighth-grade student in the public schools of San Sebastián.